IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| K.B., | Cause No. CV 26-33-H-DWM |
| Petitioner, | |
| vs. | ORDER |
| AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA; UNKOWN SVORA[1] ADMINISTRATOR, | |
| Respondents. | |

K.B., a state prisoner proceeding pro se, filed  a petition for writ of habeas corpus.  (Doc. 1.)  K.B. did not use the standard form, but as a sentenced and convicted state prisoner, the Court presumes he intends to proceed under 28 U.S.C. §2254.  K.B. generally alleges that he was improperly required to register as a sexual offender as a result of his 2004 juvenile disposition and subsequent proceedings.  (*Id*. at 1-2, 4-6.)  K.B. contends he was treated differently as others similarly situated, in violation of the Fourteenth Amendment.  K.B. asks this Court to review decisions from the Montana Supreme Court dismissing his recent challenges to the registration requirement, including the state district court's denial

---

[1] SVORA stands for Sexual or Violent Offender Registration Act.  *See* Mont. Code Ann. §§ 46-23-5, et seq.

1

of his petition for postconviction relief.  (*Id*. at 8-11.)[2]

There are several issues with K.B.'s petition that preclude relief in this Court.  Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

**Background**

K.B. acknowledges that in January of 2003, he was accused of actions that would have constituted criminal offenses had they been committed by an adult. (Doc. 1 at 4.)  K.B. was adjudicated as being a delinquent youth and was committed to the Montana Department of Corrections until the age of 18, under state law.  Upon K.B. reaching the age of majority, the State moved to transfer his jurisdiction from the youth court to the district court.  That intervening disposition extended the duration of K.B.'s commitment to the Montana Department of Corrections until his 25th birthday and apparently imposed an additional condition that he be required to register as a sexual offender.  (*Id*. at 4-5.)

In October of 2004, the State moved to revoke K.B.'s probationary disposition, alleging he had absconded from probation.  In January of 2006, K.B.

---

[2] K.B. has also filed a companion civil rights matter in which he advances similar claims.  *See, K.B. v. Sparks et al*., Cause No. CV 26-32-H-DLC, Comp. (filed April 27, 2026).

was placed in custody of the Montana Department of Corrections on new adult criminal charges. (*Id.* at 5.) In March of 2008, the State petitioned to revoke K.B.'s juvenile probationary disposition but later moved to withdraw the petition. The juvenile petition to revoke was dismissed on March 6, 2008. (*Id.* at 5-6.) In 2011, upon reaching the age of 25, K.B.'s 2004 juvenile disposition expired. The district court subsequently granted the State's motions to seal and to destroy K.B.'s youth court records. (*Id.* at 6.) In a separate criminal matter, on November 11, 2015, the Eighteenth Judicial District Court, Gallatin County, determined there existed no duty for K.B. to register as a sexual offender stemming from his expired youth court case. (*Id.*)

**Analysis**

As a preliminary matter, K.B.'s petition appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See,* 28 U.S.C. § 2244. K.B.'s federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Even giving K.B. the benefit of all potential statutory and equitable tolling, and consideration of the other "trigger" dates outlined in 28 U.S.C. §2244(d)(1),[3] his

---

[3] The limitations period under 2244(d)(1) is triggered and begins to run from the latest of: (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such

federal petition should have been filed within a year of the date on which the factual predicate of his claim was discovered. *See*, §2244(d)(1)(D). But K.B. did not file the present petition until over a decade after the state district court determined that K.B.'s youth court matter imposed no duty upon him to register as a sexual offender. Put another way, K.B. should have known, or could have discovered, any potential claims stemming from his youth court matter years prior to his present filing.

Moreover, to the extent that K.B. believes the state courts have misinterpreted and/or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged errors in the interpretation or application of state law. *See, Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). K.B.'s claim that there was an error in applying state juvenile sentencing and/or registration laws, is not cognizable in a

---

review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

4

federal habeas action. *See, Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). K.B. has not shown that any state law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated his right to due process or equal protection. *Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991)(quotation omitted); *Lewis*, 497 U.S. at 780. Although K.B. may be unhappy with the Montana Supreme Court's recent refusal to grant him relief, *see e.g., K.B. v. State*, DA 25-0294, Ord. (Mont. Feb. 17, 2026), it does not create an issue of constitutional import.

The final and fatal blow to K.B.'s petition is jurisdictional in nature. This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). This Court's habeas jurisdiction requires that a petitioner be in custody under the conviction or sentence under attack at the time his federal petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).

By his own admission, K.B. discharged his youth court sentence in 2011, when he reached the age of 25. *See*, (Doc. 1 at 6.) Four years later, it was determined by the Eighteenth Judicial Court that the youth court matter imposed no residual registration requirement upon K.B. Thus, he was not "in custody" under the juvenile disposition or the purported conditions of sentence he seeks to

attack at the time of his federal filing.  K.B.'s petition is dismissed for lack of jurisdiction.

**Certificate of Appealability**

 "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

K.B.'s petition is dismissed because it cannot be said that reasonable jurists would find a basis to encourage further proceedings or find this Court's determination that it lacks jurisdiction to be debatable.  A certificate of appealability is denied.

Based on the foregoing, IT IS ORDERED that:

6

1. K.B.'s Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to enter judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 29th day of April, 2026.

Donald W. Molloy, District Judge
United States District Court